SOUTHERN RURALIST *et al. v.* MAYOR AND CITY COUNCIL OF CARROLLTON *et al.*

No. 6909. SEPTEMBER 20, 1929.

*Smith & Millican,* for plaintiffs.

*J. J. Reese* and *Boykin & Boykin,* for defendants.

ATKINSON, J. The Mayor and City Council of Carrollton adopted an ordinance which provided: "It shall be unlawful for any person, firm, or corporation, their agents or employees, to solicit or take subscription or subscriptions for or sell any newspaper, magazine, or journal, or periodical, or like or similar articles of any kind, or to sell any article or thing and give therewith a prize, or premium, or gift, or anything of value, within the city limits of Carrollton, Georgia, a regular place of business excepted, without first procuring a license from the city clerk to do so, and pay to him the sum of ten dollars per person, agent, or employee soliciting these subscriptions and selling these articles and giving therewith prizes or gifts or articles of value; said license to continue in force until the first day of October after the same is procured, and then annually on the first day of October each year, in advance, as a license for such act, business vocation or avocation. Any person violating the provisions of this ordinance shall, upon conviction in the mayor's court of said city, be punished as provided by section 263 of the Code of the City of Carrollton." After passage of this ordinance the Southern Ruralist, being a publisher in Atlanta of a "useful and valuable farm and agricultural magazine" under that name, instituted an action to enjoin enforcement of the ordinance against its agent who was soliciting subscriptions for the magazine in that city without having obtained a license under the ordinance, the effect of which was to injure plaintiff's business. The alleged ground of complaint was that the ordinance was void for stated reasons, as will sufficiently appear from the rulings stated below. The exception is to the direction of a verdict against the plaintiff.

In section 20 of the municipal charter (Acts 1890-91 vol. 2, pp. 474, 478) it was provided that "the Mayor and City Council of Carrollton shall have the power and authority to license, regulate, and control all . . traveling or itinerant vendors of articles,

goods, wares, and merchandise of every nature whatsoever; . . agents for any . . business or calling whatever; . . and upon all . . establishments, business callings or avocations not heretofore mentioned, and which, under the laws and constitution of the State of Georgia, are subject to license." In section 40 of said charter the power was conferred "to pass all laws and ordinances, not in conflict with the constitution and laws of the State of Georgia, which tend to promote the safety, health, good order, morality, and general welfare of the inhabitants of said city." These provisions of the charter were sufficient to authorize the mayor and council to adopt the ordinance involved in this case. This ruling does not conflict with the decision in *Commercial Security Co.* v. *Lee,* 148 *Ga.* 597 (2) (97 S. E. 516), which related to charter provisions different from those above quoted.

■ It is declared in the Civil Code (1910), § 868: "The municipal authorities of an incorporated town shall not levy or collect any tax or license from a traveling salesman engaged in taking orders for the sale of goods, where no delivery of goods is made at the time of taking such orders." This exemption from municipal *"tax or license,"* does not include persons traveling from town to town soliciting "subscriptions" for magazines to be delivered in the future by mail, sent out from another city; and consequently in so far as the ordinance imposes a tax or license on persons coming into the city and taking such subscriptions without having any fixed place of business in the city, it is not void on the ground of exemption under the statute. In this connection see *Price Co.* v. *Atlanta,* 105 *Ga.* 358 (31 S. E. 619); *Upchurch* v. *LaGrange,* 159 *Ga.* 113 (125 S. E. 47).

■ The ordinance, in so far as it imposes a tax or license on persons engaged in soliciting subscriptions as above indicated, is not, as contended, unfair, unjust, unreasonable, and against public policy, in that (a) it prevents sale and circulation of newspapers, periodicals, and magazines; (b) it is unreasonable and prohibitive; (c) it deprives the plaintiffs of the right to pursue their legitimate business.

■ The ordinance is not illegal on the ground that it "is too general, vague, and indefinite . . and can not be enforced."

■ Under the pleadings and the evidence, a verdict for the defendant was demanded, and the judge did not err in so directing.

*Judgment affirmed. Russell, C. J., and Hill, J., dissent. The other Justices concur.*

RUSSELL, C. J., dissenting. In my opinion the exception dealt with in the third headnote, that the ordinance is unfair, unjust, unreasonable, discriminatory, and against public policy, and that it is prohibitive and deprives the plaintiff of the right to pursue a legitimate business, is well sustained by the record. Consequently I dissent from the ruling contained in the third headnote, and necessarily from the judgment of affirmance.

HILL, J., dissenting. I dissent from the ruling made in the third headnote, and consequently from the judgment of affirmance.